**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID MURRAY, | No. 14-55834 |
| Petitioner-Appellant, | D.C. No. 2:12-cv-01022-PSG-AS |
| v. | |
| L. S. MCEWEN, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted December 8, 2016**
Pasadena, California

Before:  NGUYEN and OWENS, Circuit Judges, and KORMAN,*** District Judge.

David Murray, a California state prisoner, appeals from the district court's

denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his convictions

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

for offenses including rape, sodomy and oral copulation by force, robbery, and kidnapping. Murray contends that he was denied his Sixth Amendment right to an impartial jury by (1) actual bias on the part of the jury foreperson (Juror No. 5), who commented that guilty people request jury trials, and (2) three other biased jurors who failed to disclose information during voir dire but then made statements about their personal experiences during deliberations.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this petition. Murray argues that the California Court of Appeal (CCA)'s decision, the last reasoned state court decision addressing his contentions of juror bias and misconduct, was contrary to and an unreasonable application of clearly established federal law and was based on an unreasonable determination of the facts, and that the district court therefore erred in denying his petition. *See* 28 U.S.C. § 2254(d). As the parties are familiar with the facts, we do not recount them here. We have jurisdiction pursuant to 28 U.S.C. §§ 1291, 2253(c), and we affirm.

First, Murray fails to show that the CCA's determination that Juror No. 5 was not actually biased against him was an unreasonable determination of the facts in light of the evidence presented in state court. Actual bias is a question of fact and is therefore accorded deference under 28 U.S.C. § 2254(d). *Estrada v.*

2

*Scribner*, 512 F.3d 1227, 1240 (9th Cir. 2008); *see also Fields v. Brown*, 503 F.3d 755, 767 (9th Cir. 2007) (en banc) ("Actual bias is typically found when a prospective juror states that he can not be impartial, or expresses a view adverse to one party's position and responds equivocally as to whether he could be fair and impartial despite that view.").

The evidence supported the CCA's determination that Juror No. 5 was not actually biased against Murray, whether that determination was implicit or explicit. *See Tinsley v. Borg*, 895 F.2d 520, 525-26 (9th Cir. 1990) (under pre-AEDPA version of § 2254(d), giving deference to "trial court's implied factual determination" that juror was not actually biased and to state appellate court's finding that the record supported that determination). Juror No. 5 and Juror No. 1 characterized the relevant statement differently than Juror No. 12 did and averred that it was an off-hand statement made "in passing" and without the intent of influencing the other jurors to change their vote, while Juror No. 4 did not hear the statement. Additionally, Juror No. 5's past service on juries that had reached guilty, not guilty, and hung verdicts indicated that she was impartial and had not pre-judged Murray's guilt.

Because Murray cannot overcome the CCA's determination that Juror No. 5 was not actually biased, he cannot show that she committed misconduct by

concealing her bias during voir dire. *Cf. Estrada*, 512 F.3d at 1240 (to establish actual bias, defendant must show that juror "failed to answer honestly a material question on voir dire" (internal quotation marks and citation omitted)). Murray also fails to identify any clearly established federal law rendering Juror No. 5's statement during deliberations misconduct. Even if the statement amounted to misconduct, it was not prejudicial to Murray because it did not have a "substantial and injurious effect or influence in determining the jury's verdict," which was supported by overwhelming evidence. *Fields*, 503 F.3d at 781; *see also Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993) (harmless error standard).

Therefore, the CCA's determination that Juror No. 5 was not actually biased and did not commit prejudicial misconduct was not an unreasonable determination of the facts, nor was it contrary to or an unreasonable application of clearly established law, and the district court's denial of the petition on this ground is affirmed.

Second, with respect to Jurors Nos. 1, 4, and 7, Murray fails to show that the CCA's determination that these jurors were not biased against him and did not commit prejudicial misconduct was an unreasonable determination of the facts or contrary to clearly established federal law. It was reasonable for the CCA to determine, based on the trial court's credibility determinations, that the jurors'

4

failures to answer questions during voir dire were honest mistakes that did not show any bias towards Murray. *See Fields*, 503 F.3d at 767. Additionally, even if the jurors had answered the questions correctly, those answers would not have provided the basis for a valid for-cause challenge. *Cf. Estrada*, 512 F.3d at 1240 (defendant must show that juror "failed to answer honestly a material question on voir dire, and then further show that a correct response would have provided a valid basis for a challenge for cause" (internal quotation marks and citation omitted)); *see also McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556 (1984) (plurality) ("The motives for concealing information may vary, but only those reasons that affect a juror's impartiality can truly be said to affect the fairness of a trial.").

Furthermore, to the extent that Murray raises this issue, no implied bias can be attributed to the jurors. Their personal experiences were not sufficiently similar to the experiences of Murray's victims to make this one of "those extreme situations where the relationship between a prospective juror and some aspect of the litigation is such that it is highly unlikely that the average person could remain impartial in his deliberations under the circumstances." *Fields*, 503 F.3d at 769 (internal quotation marks and citation omitted). Nor was the jurors' conduct of the kind from which this court has presumed bias. *Cf. Dyer v. Calderon*, 151 F.3d

970, 983-84 (9th Cir. 1998) (juror "lie[d] materially and repeatedly in response to legitimate inquiries about her background," thereby "introduc[ing] destructive uncertainties into the process" and making it "that rare case where we must presume juror bias").

Lastly, the jurors' statements during deliberations do not constitute misconduct, because jurors are permitted to use their personal experiences during deliberations, particularly to evaluate credibility. *Grotemeyer v. Hickman*, 393 F.3d 871, 879 (9th Cir. 2004) ("The Sixth Amendment entitles a defendant to an 'impartial' jury, not an ignorant one.").

Even if these statements were deemed to be misconduct in the form of extrinsic evidence, they were not prejudicial, particularly because there was overwhelming evidence against Murray and because the jury failed to convict on six of the charges against Murray, showing that they were not unduly influenced in reaching their verdict. *See United States v. Montes*, 628 F.3d 1183, 1189 (9th Cir. 2011) (finding no reversible prejudice when extrinsic information was introduced to jury, in part because "[o]verwhelming evidence of [the defendants'] guilt was introduced at trial"); *United States v. de Cruz*, 82 F.3d 856, 861 (9th Cir. 1996) (holding that no actual prejudice resulted from denial of motion to continue trial because there was no showing that jury "judged [the defendant] on anything but

the evidence presented" and jury's acquittal on one of the three charges "further indicat[ed] a lack of prejudice toward defendant" (citation omitted)).

Accordingly, the CCA's determination that Jurors Nos. 1, 4, and 7 did not engage in misconduct that resulted in prejudice to Murray was a reasonable determination of the facts and was not contrary to or an unreasonable application of clearly established federal law. The district court was correct in denying Murray's petition.

**AFFIRMED.**